**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | Civil Case No. 1:18-cv-06627 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Judge Edmond E. Chang |
| v. | ) | |
| | ) | |
| JOHN DOE, subscriber assigned IP address | ) | |
| 65.79.154.9 | ) | |
| Defendant. | ) | |

**DEFENDANT DOE'S (IP ADDRESS 65.79.154.9) MEMORANDUM IN SUPPORT OF
DEFENDANT'S COMBINED MOTION TO PROCEED ANONYMOUSLY AND
MOTION FOR A PROTECTIVE ORDER**

Defendant John Doe, subscriber assigned IP address 65.79.154.9 ("Defendant"), by and through counsel, files this Memorandum concurrently with its Motion for an Order from the Court permitting Defendant to proceed anonymously throughout this case and for a Protective Order, pursuant to Rule 5.2(e) and/or 26(c) of the Federal Rules of Civil Procedure, which prohibits any party from publicly disclosing any information relating to Defendant that Plaintiff Strike 3 Holdings, LLC, ("Plaintiff") receives in response to its Rule 45 subpoena issued to Defendant's internet service provider ("ISP"). In support of this motion, Defendant states as follows:

## I.      INTRODUCTION

On September 28, 2018, Plaintiff filed a copyright infringement action against Defendant for allegedly illegally downloading and distributing its pornographic movies including interracial brands *Blacked* and *Blacked Raw* using the BitTorrent protocol. (ECF Doc. 4). Upon Plaintiff's motion for leave to conduct expedited discovery, the Court entered an Order permitting Plaintiff to serve a third-party subpoena on ISP. (ECF Doc. 9).

1

Defendant files this motion seeking an Order from the Court permitting Defendant to proceed anonymously throughout this case and for a Protective Order, pursuant to Rule 5.2(e) and/or 26(c) of the Federal Rules of Civil Procedure, which prohibits any party from publicly disclosing any information relating to Defendant that Plaintiff receives in response to its Rule 45 subpoena served on Defendant's ISP. Due to the controversial interracial nature of numerous alleged movie downloads, Defendant's need to remain anonymous satisfies the "exceptional circumstances" standard articulated by the Seventh Circuit.

## II.      LEGAL STANDARD

Rule 26(c)(1) of the Federal Rules of Civil Procedure allows the court to issue a protective order for "good cause" to "protect a party or person from . . . embarrassment." In addition to Rule 26, Rule 5.2(d) and (e) also permit a Court to seal or redact portions of judicial records upon a showing of "good cause." Rule 5.2 is not limited to "discovery" and authorizes courts to order sealed filings and/or "filings."

The Seventh Circuit has stated that a party may proceed anonymously if it can "demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. Blue Cross, 112 F.3d at 872, cited by Doe v. Vill. of Deerfield, 819 F.3d 372 at 377 (7th Cir., 2016).

Permitting a party to proceed anonymously is within the court's discretion. K.F.P. v. Dane Cnty., 110 F.3d 516, 519 (7th Cir. 1997). Fed. R. Civ. P. 10 provides that the complaint shall identify the names of all of the parties to the suit. Fed. R. Civ. P. 10(a). Permitting parties to proceed anonymously is generally disfavored in the absence of exceptional circumstances. See Doe 3 v. Elmbrook Sch. Dist., 658 F.3d 710, 721 (7th Cir. 2011), vacated on other grounds 687

2

F.3d 840 (7th Cir. 2012). However, "the judge has an independent duty to determine whether exceptional circumstances justify" allowing a party to proceed anonymously, in a departure from the usual method of proceeding in federal courts. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997) (citing United States v. Microsoft Corp., 56 F.3d 1148, 1463-64 (D.C. Cir. 1995)). Fictitious names have been allowed "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." Id. "A party may nevertheless proceed anonymously if the harm done to him as a result of publicly disclosing his identity outweighs the likely harm that concealment of his identity would cause to the public and the opposing party." K.F.P. v. Dane Cnty., 110 F.3d 516, 519 (7th Cir. 1997).

### III.    <u>LEGAL ARGUMENT</u>

A.        **"Exception Circumstances" Exist in This Case Due to the Controversial Interracial Nature of Numerous Alleged Movie Downloads that Defendant Should Be Permitted to Proceed**

There is a strong public interest that the litigants to an action be publicly identified, as expressed in Rule 10(a) and, Doe v. Blue Cross & Blue Shield United of Wisc., 112 F.3d 869, 872 (7th Cir. 1997), Doe v. City of Chicago, 360 F.3d 667, 669-70 (7th Cir. 2004). However, the Seventh Circuit has stated that a party may proceed anonymously if it can "demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. Blue Cross, 112 F.3d at 872, cited by Doe v. Vill. of Deerfield, 819 F.3d 372 at 377 (7th Cir., 2016).

In Doe v. Village of Deerfield, the Seventh Circuit articulated how a district court should analyze whether the standard was met for proceeding anonymously: balance the stated reasons supporting anonymity (in that case, having to proceed under his true name would defeat the purpose of his criminal expungement and any resulting embarrassment he might feel) against the public's and parties' rights to the identities of parties and the potential prejudice to the opposing

3

parties. Doe v. Vill. of Deerfield, 819 F.3d 372 (7th Cir., 2016). In this case, Defendant Doe's reasons supporting anonymity outweigh the public's and parties' rights to the identities of parties and the potential prejudice to the opposing parties. Here, Defendant asserts the following reasons supporting anonymity:

1. There remains the risk of a false positive, i.e. that the Internet subscriber identified by Plaintiff is not in fact the actual wrongdoer

2. The potential for embarrassment associated with this case provides leverage to the plaintiff in negotiating a settlement. Removing this potential for embarrassment is in the interest of justice as it will restore the parties' balance of power.

3. In this particular case, Strike 3 Holdings has alleged that Defendant has downloaded numerous movies of both its Blacked and Blacked Raw brands, which are controversial due to the interracial and erotic nature of the movies, which the public could then ascribe to the sexuality of Defendant. As stated in an April 2018 Rolling Stone magazine article on Strike 3 and its founder, Greg Lansky:

> "Blacked, the first brand he launched, in March 2014, with an investment from PornTube.com founder Steve Matthyssen, has attracted scrutiny for its focus on interracial sex and its portrayals of white women being sexually dominated by well-endowed black men. "You get [criticism] from really racist people, and then you get it from really progressive people that feel you're perpetuating some stereotype, but in reality, the goal behind this is simply entertainment," says Lansky. "Having an interracial site, you can't win. Everyone hates you. [They think] you're a horrible person. It is what it is. The people I work with, of all genders and all races, they enjoy being part of it." (Emphasis added).,

https://www.rollingstone.com/culture/culture-features/versace-champagne-and-gold-meet-the-director-turning-porn-into-high-art-629908/ (Last accessed December 7, 2018).

In essence, the fact that Defendant is accused downloading, and presumably, viewing, controversial interracial pornography, may subject Defendant to prejudicial consequences from

the public, including members of Defendant's community, employment, neighborhood, and possibly family members.

There is no need for Defendant to be exposed publicly as the litigant defending against high-charged, racially sensitive materials that Strike 3 Holdings's owner, Greg Lansky, acknowledges as controversial, and which the public might ascribe to Defendant's sexuality – without question, something that is a sensitive matter deserving judicial protection. While this Court may have modern sensibilities and might shoulder similar accusations with aplomb, members of the public cannot likewise be expected to have the same open-minded tolerance. This Court is no doubt well-aware of the many real-world consequences that follow from racially charged controversies and allowing the risk of same is unnecessary for the Plaintiff to litigate its cause. Strike 3 will in no way be prejudiced from prosecuting its claims under the Copyright Act if Defendant is allowed by this Court to remain anonymous.

Moreover, the public interest in this litigation will similarly in no way be sullied. The public may continue to review all the relevant pleadings to learn if, should this litigation proceed further along, A) whether the Complaint survives after being subject to a challenge pursuant to a Rule 12(b) challenge, and if so then B) whether the methods used by Strike 3 Holdings' surveillance company, IPP of Germany, are in fact reliable, or not. In other words, there also is no indication that litigating anonymously will have an adverse effect on Strike 3 Holdings or on its ability to prosecute its allegations of copyright infringement claims in this or future actions. See, Doe v. Elmbrook Sch. Dist., 658 F.3d at 725 (7th Cir., 2011).

Overall, balancing the stated reasons by Defendant supporting anonymity against the public's and parties' rights to the identities of parties and the potential prejudice to the opposing parties. Doe v. Vill. of Deerfield, 819 F.3d 372 (7th Cir., 2016). This balancing of interests given the unreliable methods used to identify actual infringers verses merely ISP Subscribers, and the

potential harm that may come to Defendant due to the interracial nature of numerous of the alleged movie downloads, this Court should find that exceptional circumstances exist in this case that justify keeping Defendant's identity to be concealed.

**B.      Order Should Be Entered to Prevent Public Disclosure of Defendant's**

**Personal Information**

A protective order prohibiting the public disclosure of confidential information relating to Defendant obtained through the Rule 45 subpoena issued to Defendant's ISP is proper because if Plaintiff were permitted to publicly present its allegations against Defendant without justification, Defendant would be subject to embarrassment, injury to Defendant's character and reputation, and potential injury to Defendant's employment. Further, even if Defendant is successful in defeating Plaintiff's claims against him and demonstrates that the claims are false, the embarrassment and reputational damage will have already occurred and cannot be undone. By entering the requested protective order, the Court can prevent these harms to Defendant, while still allowing the Plaintiff to proceed with its case. Such a protective order is appropriate in this situation, and would not prejudice the Plaintiff.

<div align="center"><b>CONCLUSION</b></div>

Balancing the stated reasons by Defendant supporting anonymity against the public's and parties' rights to the identities of parties and the potential prejudice to the opposing parties satisfies the "exceptional circumstances" of the Seventh Circuit, Doe v. Vill. of Deerfield, 819 F.3d 372 (7th Cir., 2016). This will protect Defendant from needless risk of embarrassment or worse due to the controversial interracial pornography alleged, as well as the attendant pressure to settle in light of those fears.

WHEREFORE, Defendant, subscriber assigned IP address 65.79.154.9, respectfully requests this Court grant this Motion and enter an Order allowing Defendant to appear anonymously and for issuance of a protective order prohibiting the disclosure of Defendant's information without the Court's prior authorization.

Accordingly, Defendant respectfully asks this Court to allow Defendant to proceed anonymously and to enter a protective order providing:

1.  Defendant, subscriber assigned IP address 65.79.154.9 shall proceed anonymously, as a "John Doe," in this matter; and

2.  Plaintiff will maintain confidential and not disclose publicly or in this Court (except under seal) any information relating to Defendant that Plaintiff Strike 3 Holdings, LLC receives in response to its Rule 45 subpoena issued to Defendant's Internet Service Provider ("ISP"), including the identity and contact information of this Defendant.

Respectfully submitted,

By: s/ Jeffrey J. Antonelli
Jeffrey J. Antonelli
Attorney for Defendant
Antonelli Law, Ltd.
35 East Wacker Drive Suite 1875
Chicago, IL 60601
Telephone: (312) 201-8310
E-Mail: jeffrey@antonelli-law.com

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marc Craig Smith
Fox Rothschild LLP
353 N. Clark Street
Suite 3650
Chicago, IL 60654
312 517-9238
Active (fax)
mcsmith@foxrothschild.com

<div style="margin-left: 45%;">

By:    <u>s/ Jeffrey J. Antonelli</u>
Jeffrey J. Antonelli
Attorney for Defendant
Antonelli Law, Ltd.
35 East Wacker Drive
Suite 1875
Chicago, IL 60601
Telephone: (312) 201-8310
E-Mail: jeffrey@antonelli-law.com

</div>